ligence," and that "there has been no violation of section 101 or section 39 of the Railroad Law:" This was meaningless, unless the case was being tried for a refusal to carry the plaintiff on a continuous trip and give him a transfer ticket therefor under section 104. The complaint may therefore be interpreted in accordance with the course of the trial as praying for a penalty of $50 "in accordance with the statute in such case made and provided," instead of under section 39.

The judgment may be affirmed.

**Judgment of the Municipal Court affirmed, with costs. All concur.**

---

(123 App. Div. 75.)

### FELGENHAUER et al. v. HAAS et al.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

1. MECHANICS' LIENS—NOTICE—MATERIAL AND LABOR—VALUE—SEPARATION.

A notice of mechanic's lien is not required to separately state the value of the materials furnished and labor performed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 256–259.]

2. SAME—PERFORMANCE OF WORK—MATERIALS FURNISHED.

A notice of mechanic's lien recited that the labor performed and to be performed, and the materials furnished and to be furnished, consisted of independent materials and labor necessary for the construction and erection thereof, and that there was actually used and employed in the erection of buildings on the lot described material and labor of the agreed price and value of $2,000, and that the amount unpaid therefor was $2,000. *Held* that, the amount alleged to have been unpaid being the same as the contract price, the notice inferentially alleged that there was nothing still to be done either in the furnishing of materials or the performance of labor, and that the notice was therefore not objectionable for failure to state how much of the materials had been furnished, and how much was to be furnished, and how much of the labor had been performed, and how much remained yet to be performed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 241.]

3. SAME—PERFORMANCE.

A notice of mechanic's lien recited full performance of the contract requiring delivery and setting of certain iron work and claimed a lien for $2,000, the full contract price. The labor in setting the work constituted a comparatively insignificant portion of the contract. Plaintiff furnished all the material, and had failed to set some of the beams and columns because of the insufficient progress of the work by the contractor, who subsequently abandoned his contract. The cost of setting the iron work unset would be about $120. *Held* that, as substantial performance was sufficient to sustain the notice alleging full performance, plaintiff had substantially performed notwithstanding the work remaining to be done, and was entitled to enforce his lien for the contract price, less the value of the work remaining unperformed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 241.]

Appeal from Special Term.

Action by Edward T. Felgenhauer and others against Frederick V. Haas and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

The opinion of Burr, J., at Special Term, is as follows:

In August, 1902, the plaintiffs entered into an agreement with the defendant Frederick V. Haas to furnish and set in connection with the erection of a brick building on the south side of Willoughby avenue 48 iron beams, 4 templates, and 14 iron columns. The price to be paid for the material and labor was $2,000. The furnishing of the material was the important part of the contract. The labor to be performed in connection therewith was comparatively insignificant. The plaintiffs furnished all the materials, set all of the templates, and 25 of the iron beams. Twenty-three of the beams and all of the columns were not set because the defendant Haas did not progress with the construction of the building so as to make it possible for the plaintiffs to do such work. Subsequently Haas abandoned the performance of the work, and on the 4th day of December, 1902, the plaintiffs filed a notice of lien. In January, 1903, the premises were conveyed to the defendant Bertha Volkening, who took the property charged with notice of the lien and of the contents of the paper by which the lien was created. Subsequently she completed the building. She alone defends this action brought for the foreclosure of plaintiffs' lien. The defense is based upon the invalidity of the lien, first, because of the indefiniteness of the notice; and, second, because of untruthful statements contained in it.

The defendant claims that the notice of lien is defective because it does not state separately the value of the materials furnished and labor performed. This is not necessary. Martin v. Gavigan Co., 107 App. Div. 279, 95 N. Y. Supp. 14; Clarke v. Heylman, 80 App. Div. 572, 80 N. Y. Supp. 794. In a case like this, where the materials and labor were all included in one contract for which a gross sum was to be paid, it might be difficult to so specify. The defendant claims that the notice of lien is defective because it omits to state how much of the material had been already furnished and how much was to be furnished, and how much of the labor had been performed and how much was yet to be performed. The notice contains this language: "The labor performed and to be performed and the material furnished and to be furnished, consists of iron material and labor necessary for the construction and erection thereof." If this was all that was contained in the notice, I should feel that the objection was well taken. Finn v. Smith, 186 N. Y. 465, 79 N. E. 714. But, after the language above quoted, these words appear: "Actually used and employed in the erection of buildings upon the plot of land below described, and the agreed price and value thereof is two thousand dollars, and the amount unpaid to the lienor for such labor and materials is two thousand dollars." If the material, prior to the date of the filing of the notice, had been actually used and the labor actually employed, and the amount unpaid was the same as the contract price, it would follow that there was nothing still to be done in the furnishing of either materials or the performance of labor. The words in the alternative in the first part of the sentence might be eliminated, and then the notice would read as follows: "The labor performed and the materials furnished consists of iron material and labor necessary for the construction and erection thereof actually used and employed in the erection of buildings upon the plot of land below described." No criticism could be successfully made upon a notice in that form, and that this construction is proper is sustained by authority. Martin v. Gavigan Co., supra. The objection to the notice of lien for indefiniteness cannot be sustained.

The defendant further criticises the notice of lien for untruthfulness. Although the notice of lien claimed that all of the material had been furnished and all of the labor performed, it appeared that there was still a small amount of labor to be done in connection with the setting of some of these beams and of all of the columns. The plaintiffs testified that the entire cost of this work unperformed would not exceed the sum of $91. I have concluded from the evidence that this is a low estimate, and that $120 would represent the cost of this additional labor. The notice of lien was therefore inaccurate in this respect. But the fact that the notice was inaccurate is not enough to destroy its validity. Where a party to a building contract states in a notice to create a lien that he has performed it, this means a substantial, and not necessarily a literal, performance. Ringle v. Wallace Iron Works, 149 N. Y. 439, 44 N. E.

175. That this contract was substantially performed is established by the evidence. If a party willfully and intentionally grossly exaggerates the amount due, so that the court should conclude that it was done for the purpose of enforcing a false and fictitious demand, such exaggeration might be sufficient to destroy the validity of the notice of lien. Aeschlimann v. Presbyterian Hospital, 165 N. Y. 296, 59 N. E. 148, 80 Am. St. Rep. 723. But a mere innocent mistake, not a willfully and intentionally false statement, does not have this effect. American Mortgage Co. v. Butler, 36 Misc. Rep. 253, 73 N. Y. Supp. 334. There is no evidence in this case of any bad faith on the part of the lienor nor any willful intention to present and attempt to enforce an exaggerated claim against the property. In view of the fact that the labor yet to be performed was comparatively insignificant, and that the lienor might and probably would upon request have performed that labor, I do not think that a mere error in stating that the whole $2,000 was due, when according to his claim there was only $1,909 due, would justify the court in withholding from him the right to enforce his lien against the premises described in the notice thereof.

There must be judgment for the plaintiffs for the sum of $1,880, with interest from the 4th day of December, 1903, and . for a foreclosure of the plaintiffs' lien against the premises described therein for that amount, with the costs of this action.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Clark B. Augustine (Walter B. Hopping, on the brief), for appellants. Joseph J. Speth, for respondents.

PER CURIAM. Judgment affirmed, with costs, upon the opinion of Mr. Justice Burr at Special Term.

HIRSCHBERG, P. J., not voting.

---

### In re NEIDNIG'S ESTATE.

(Supreme Court, Appellate Division, Second Department. January 17, 1908.)

JUDGMENT—FOREIGN—CREDIT—POLICE REGULATION.

A judgment, adjudication, or determination in a foreign country in the nature of a police regulation of that country has no extraterritorial force as a judgment, and hence a determination in a foreign bastardy proceeding is not within the rule requiring full faith and credit to be given to foreign judgments.

Appeal from Surrogate's Court, Kings County.

In the matter of the estate of Andrew Neidnig, deceased. From an order (107 N. Y. Supp. 590) denying an application for a commission to take foreign testimony, Andrew Neidnig, administrator, appeals. Reversed and remitted.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Edmund F. Driggs, for appellant.
Robert S. Kristeller (Hersey Egginton, on the brief), for respondents.

JENKS, J. This is an appeal from an order of the Surrogate's Court of Kings county denying the application of an administrator for a commission to take foreign testimony in proceedings brought to